IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 28 2007
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § No. 6:07-CR-058-C(03) |
| | § |
| JUAN F. GOITIA (3) | § |

# PLEA AGREEMENT

Juan F. Goitia, Daniel J. Warrick, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Goitia understands that he has the right

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Goitia waives these rights and pleads guilty to the offense alleged in count one of the indictment, charging a violation of 21 U.S.C. § 846, that is, Conspiracy to Distribute and Possess with Intent to Distribute 50 Kilograms or More of Marijuana. Goitia understands the nature and elements of the

**Goitia Plea Agreement - Page 1**

crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3.  **Sentence**: The maximum penalties the Court can impose include:

    a.  imprisonment for a period not to exceed twenty (20) years;

    b.  a fine not to exceed $1,000,000;

    c.  a term of supervised release of not less than three years which follows a term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned and subject to additional terms of supervised release and imprisonment as determined by the Court in accordance with law;

    d.  a mandatory special assessment of $100.00;

    e.  restitution to victims or to the community, which may be mandatory under the law; and

    f.  costs of incarceration and supervision.

4.  **Court's sentencing discretion and role of the Guidelines**: Goitia understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Goitia has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. All parties agree and stipulate that Goitia is responsible for at least 60 kilograms, but less than 80 kilograms, of a mixture and substance containing a detectable amount of marijuana under section 2D1.1 of the United States Sentencing Guidelines. All parties agree and stipulate that no enhancements under sections 2D1.1 or

**Goitia Plea Agreement - Page 2**

3B1.1 of the United States Sentencing Guidelines would apply in this case. The parties agree and stipulate that Goitia has met the criteria set forth in subdivisions (1) - (5) of section 5C1.2 and, therefore, a two-level decrease under section 2D1.1(b)(11) is appropriate. The defendant understands and agrees that any stipulations and agreements are not binding upon the Court or the United States Probation Office. Goitia will not be allowed to withdraw his plea if his sentence is higher than expected. Goitia fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Goitia agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's cooperation**: Goitia shall cooperate with the government by giving truthful and complete information and/or testimony concerning his participation in the offense of conviction and knowledge of criminal activities. The defendant understands that if he falsely implicates an innocent person in the commission of a crime or exaggerates the involvement of any person in the commission of a crime in order to appear cooperative, or if the defendant falsely minimizes the involvement of any person in the commission of a crime in order to protect that person, then the defendant will be in violation of this plea agreement, and the government will have the right to rescind the plea agreement and re-institute criminal proceedings against the defendant. Upon

demand, Goitia shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

7. **Government's agreement**: The government will not bring any additional charges against Goitia based upon the conduct underlying and related to Goitia's plea of guilty. The government agrees to dismiss the remaining counts in the pending indictment as to Goitia at the time of sentencing. If, in its sole discretion, the government determines that Goitia has provided substantial assistance in the investigation or prosecution of others, it will file a motion urging sentencing consideration for that assistance. Whether and to what extent to grant the motion are matters solely within the Court's discretion. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Goitia or any property.

8. **Violation of agreement**: Goitia understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Goitia for all offenses of which it has knowledge. In such event, Goitia waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Goitia also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9. **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Representation of counsel**: Goitia has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.  Goitia has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement.  Because he concedes that he is guilty, and after conferring with his lawyer, Goitia has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

11. **Entirety of agreement**:  This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 26 day of December,
2007.

<div style="display:flex;">
<div>

_____
Juan F. Goitia
Defendant




_____
Daniel J. Warrick
Attorney for Defendant

</div>
<div>

RICHARD B. ROPER
UNITED STATES ATTORNEY


_____
JEFFREY R. HAAG
Assistant United States Attorney
Texas State Bar No. 24027064
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:   806.472.7559
Facsimile:   806.472.7394
E-mail:      jeffrey.haag@usdoj.gov


_____
DENISE B. WILLIAMS
Deputy Criminal Chief

</div>
</div>

      I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____        _December 26, 2007_____
Juan F. Goitia                                      Date

      I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____        _December 5, 2007_____
Daniel J. Warrick                                   Date
Attorney for Defendant