U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 2 8 2007

CLERK, U.S. DISTRICT COURT
    By_____
        Deputy

# FACTUAL RÉSUMÉ

UNITED STATES OF AMERICA v. JUAN F. GOITIA
NO. 6:07-CR-058-C(03) - SAN ANGELO DIVISION - NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **INDICTMENT:** | **TO BE ARRAIGNED ON COUNT ONE OF THE INDICTMENT ONLY** - Charging a violation of Title 21, United States Code, Section 846 - Conspiracy to Distribute and Possess with Intent to Distribute 50 Kilograms or More of Marijuana. |
| **MAXIMUM PENALTY:** | A term of imprisonment of not more than twenty (20) years, a fine of not more than $1,000,000.00, or both. A term of supervised release of not less than three years which follows a term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned and subject to additional terms of supervised release and imprisonment as determined by the Court in accordance with law. |
| **MANDATORY ASSESSMENT:** | $100.00 |
| **PLEA AGREEMENT:** | As set forth in the Plea Agreement letter attached hereto and incorporated herein. |
| **ELEMENTS OF THE OFFENSE:** | <u>Conspiracy to Distribute and Possess with Intent to Distribute 50 Kilograms or More of Marijuana</u><br><br>1. That two or more persons, directly or indirectly, reached an agreement to distribute or possess with intent to distribute marijuana;<br><br>2. That the defendant knew of the unlawful purpose of the agreement;<br><br>3. That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and |

    4.    That the overall scope of the conspiracy involved at least 50 kilograms of marijuana.

Distribution or Possession with Intent to Distribute 50 Kilograms or More of Marijuana

1. That the defendant knowingly or intentionally distributed or possessed with intent to distribute a controlled substance;

2. That the substance was in fact marijuana;

3. That the defendant possessed the substance with the intent to distribute it; and

4. That the quantity of the substance was at least 50 kilograms.

FACTS: From on or about a date unknown to the grand jury and continuing through on or about September 27, 2007, in the San Angelo Division of the Northern District of Texas, the Western District of Texas, and elsewhere, Santos Alfredo Galindo-Ravago, Jesse B. Rodriguez, and Juan F. Goitia, defendants, did knowingly and intentionally combine, conspire, confederate, and agree together and with persons known and unknown to the grand jury to commit an offense against the United States; that is, to knowingly and intentionally distribute and possess with intent to distribute 50 kilograms and more, but less than 100 kilograms, of a mixture and substance containing a detectable amount of marijuana, a schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

On September 27, 2007, an agent of the United States Border Patrol ("USBP") noticed a dark maroon Chevrolet Tahoe driving north on Highway 1024 near Comstock, Texas, at about 6:45 a.m. The agent did not recognize this vehicle as belonging to any residents in the area and was about to follow it when he stopped to assist a school van. At approximately 9:00 a.m., the Comstock Border Patrol Station received a

phone call from a local resident that a maroon Chevrolet Suburban-type vehicle was traveling north and south on Highway 1024 in a suspicious manner. At approximately 9:45 a.m., another USBP agent discovered the foot prints of approximately four suspected aliens crossing the drag road bordering Highway 90 west of Comstock, Texas.

The USBP agent who had initially seen the dark maroon Chevrolet Tahoe was traveling north on Highway 1024 when he observed a small silver-colored Ford sedan that did not belong to any residents in the area. The agent stopped on the western shoulder of Highway 1024 and was checking the fence line when he again saw the dark maroon Chevrolet Tahoe traveling south on Highway 1024. The USBP agent followed the Tahoe and observed it stop abruptly in the middle of Highway 1024 near Cow Creek. The agent saw three individuals run from the brush, enter the Tahoe, and then it sped off.

USBP agents later conducted a traffic stop of the maroon Chevrolet Tahoe and discovered the driver to be Juan F. Goitia. The three passengers in the vehicle were all illegal aliens from Mexico. The USBP agents discovered scratch marks and chaffed skin on the shoulders of all three aliens, which is consistent with the smuggling of narcotics in back packs. While a USBP agent was transporting the aliens to the Comstock Border Patrol Station, one of the aliens informed the agent that they had smuggled narcotics into the United States and loaded the contraband into a little grey Ford car. The USBP agent who had initially seen the dark maroon Chevrolet Tahoe recognized this description as consistent with the vehicle he had seen earlier. USBP agents relayed this information to the San Angelo Border Patrol Station and the Crockett County Sheriff's Office.

At about 2:30 p.m. that same day, a USBP agent from the San Angelo Border Patrol Station observed a silver 1991 Ford Tempo that matched the description provided by the USBP agents from Comstock. USBP agents conducted a traffic stop

of the vehicle on Highway 67, one mile southeast of Mertzon, Texas, in Irion County, Texas.

As an USBP agent approached the vehicle, he observed a large bundle of what he believed to be marijuana on the rear floor board behind the passenger seat. The USBP agent identified the driver as Jesse B. Rodriguez and the passenger as Santos Alfredo Galindo-Ravago. The USBP agent placed Rodriguez and Galindo-Ravago under arrest and informed each of them of their constitutional rights. A USBP agent asked Rodriguez if there was anything or anyone else in the vehicle. Rodriguez replied just his luggage. The USBP agent then asked for, and obtained, consent to search the vehicle from Rodriguez.

A search of the vehicle yielded four back packs containing 80.24 gross kilograms of suspected marijuana. Further analysis of the suspected marijuana by the Drug Enforcement Administration South Central Laboratory confirmed that the substance was, in fact, marijuana. This quantity of marijuana is consistent with distribution, as opposed to someone's personal use.

After his arrest, Immigration and Customs Enforcement ("ICE") agents informed Goitia of his constitutional rights and Goitia agreed to waive those rights and speak with the agents. During this interview, Goitia stated that unknown individuals in Mexico instructed him to check into a motel in Del Rio, Texas. Goitia checked into the motel on September 24, 2007, and received a telephone call from an unknown individual the next day. Goitia was instructed to go to the Town and County Store in Ozona, Texas, and meet with another individual.

On September 27, 2007, Goitia met with an individual later identified as Jesse B. Rodriguez at the Town and County in Ozona, Texas. Goitia gave Rodriguez the instructions to the loading site on Highway 1024. Goitia stated that Rodriguez was driving a gray Ford Tempo. Goitia and Rodriguez then drove to the loading site on Highway 1024. Goitia waited on

Goitia Plea Agreement - Page 11

Highway 1024 while Rodriguez traveled to the loading site to pickup the marijuana. After Rodriguez loaded the marijuana, he drove north on Highway 1024 and passed Goitia. Goitia then proceeded south on Highway 1024 to pick up the aliens who had smuggled the marijuana into Mexico. After picking up three of the aliens, he was apprehended by USBP.

Goitia admits that he, directly or indirectly, reached an agreement with Rodriguez to distribute or possess with intent to distribute 50 kilograms or more of marijuana. Goitia admits that he knew of the unlawful purpose of the agreement and that he joined in the agreement willfully, that is, with the intent to further its unlawful purpose. Goitia admits that the overall scope of the conspiracy involved at least 50 kilograms of marijuana.

The above facts are true and correct:

_____     _____
Juan F. Goitia                Date
Defendant

_____     _____
Daniel J. Warrick             Date
Attorney for Defendant